729 A.2d 1020

IN THE MATTER OF PERRY J. HODGE,
AN ATTORNEY AT LAW.

May 13, 1999.

## ORDER

The Disciplinary Review Board having filed a report with the Court, recommending that **PERRY J. HODGE** of **MONTCLAIR**, who was admitted to the bar of this State in 1984, and who thereafter was temporarily suspended by Order of this Court dated July 10, 1996, and who remains suspended at this time, be disbarred for violating *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate), *RPC* 1.7(b) (conflict of interest), *RPC* 1.8(a) (conflict of interest), *RPC* 1.8(h) (making an agreement prospectively limiting liability to a client), *RPC* 1.15 (knowing misappropriation of client funds), *RPC* 1.16(d) (failure to turn over a client property), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and said PERRY J. HODGE having been ordered to show cause why he should not be disbarred or otherwise disciplined, and good cause appearing;

It is ORDERED that **PERRY J. HODGE** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys;

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that **PERRY J. HODGE** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.

Chief Justice PORTIZ and Justices HANDLER, GARIBALDI, STEIN and COLEMAN join in this Order.

Justice POLLOCK did not participate.

Justice O'HERN would remand to the District Ethics Committee or a Special Master to consider the merits of respondent's defense to the claim of misuse of client funds. Because of the untimely assertion of his defenses, as a condition of such relief, respondent should be required to reimburse the Disciplinary Oversight Committee for its added administrative costs.